## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CR-10-38-R** |
| | ) | |
| **CHARLES ALAN DYER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>JURY INSTRUCTIONS</u>

## INSTRUCTION NO. 1

### <u>OPENING</u>

Ladies and Gentlemen of the Jury, you have heard the evidence in this case and the arguments of counsel.  It is now the duty of the Court to instruct you as to the law applicable to this case, both from the viewpoint or position of the government, as the plaintiff, and from the viewpoint or position of the defendant.

You, as jurors in this case, are the sole judges of the facts, and it is your duty to determine the true facts herein.  It is your duty to follow the law as I give it to you in these instructions, and to apply that law which you find applicable to the true facts in the case as you determine them to be from the evidence before you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.

## INSTRUCTION NO. 2

## <u>THE INDICTMENT</u>

The Federal Grand Jury charges:

## <u>COUNT 1</u>

On or about January 12, 2010, in Stephens County, Oklahoma, in the Western District of Oklahoma,

-------------------------------------**CHARLES ALAN DYER,**-----------------------------------------

the defendant herein, knowingly possessed a firearm not registered to him in the National Firearms Registration and Transfer Record, specifically a destructive device, that is, a Colt M-203, 40 millimeter grenade launcher, bearing serial number 49553.

All in violation of Title 26, United States Code, Section 5861(d) and Title 26, United States Code, Section 5845(f), the penalty for which is found at Title 26, United States Code, Section 5871.

# INSTRUCTION NO. 3

## **PRESUMPTION OF INNOCENCE—BURDEN OF PROOF— REASONABLE DOUBT**

To the Indictment against him herein, the defendant has entered a plea of not guilty, which casts upon the government the burden of proving the essential allegations beyond a reasonable doubt before you would be justified in returning a verdict of guilty.

An indictment is simply the means by which a defendant is placed upon trial and sets forth in a formal way the offense of which the defendant is accused.  It is in and of itself no evidence of the guilt of a defendant, and you should not allow yourselves to be influenced against a defendant by reason of the filing on an indictment.  The government has the burden of proving the defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all.  A defendant is presumed to be innocent of the crimes charged against him and of each and every element.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

## INSTRUCTION NO. 4

### EVIDENCE – DEFINED

You must make your decision based only on the evidence that you saw and heard here in Court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

**INSTRUCTION NO. 5**

**EVIDENCE – DIRECT AND CIRCUMSTANTIAL – INFERENCES**

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

## INSTRUCTION NO. 6

## <u>CREDIBILITY OF WITNESSES</u>

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

# INSTRUCTION  NO. 7

## **VOLUNTARINESS OF A STATEMENT BY DEFENDANT**

Evidence has been presented about a statement attributed to the defendant alleged to have been made after the commission of the crime charged in this case but not made in Court. Such evidence should always be considered by you with caution and weighed with care.  Any such statements should be disregarded entirely unless the other evidence in the case convinces you by a preponderance of the evidence that the statement was made knowingly and voluntarily.

In determining whether any such statement was knowingly and voluntarily made, consider, for example, the age, gender, training, education, occupation, and physical and mental condition of the defendant, and any evidence concerning his treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement.

If, after considering all this evidence, you conclude by a preponderance of the evidence that the defendant's statement was made knowingly and voluntarily, you may give such weight to the statement as you feel it deserved under all the circumstances. Preponderance of evidence is evidence sufficient to persuade you that a fact is more likely present than not present.

**INSTRUCTION NO. 8**

**<u>ON OR ABOUT</u>**

You will note that the Indictment charges that the crime was committed on or about January 12, 2010.  The government must prove beyond a reasonable doubt that the defendant committed the crime reasonably near January 12, 2010.

## INSTRUCTION  NO. 9

## <u>CAUTION - CONSIDER ONLY CRIME CHARGED</u>

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged.  The defendant is not on trial for any acts, conduct, or crimes not charged in the Indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crimes charged.  The fact that another person *also* may be guilty is no defense to criminal charges.

The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the crimes charged.

## INSTRUCTION NO. 10

### POSSESSION OF AN UNREGISTERED FIREARM
### 26 U.S.C. § 5861(d)

The defendant is charged in count one with a violation of 26 U.S.C. § 5861(d) and § 5845(f).

26 U.S.C. § 5861(d) makes it a crime for anyone to possess certain kinds of firearms that are not registered to him in the National Firearms Registration and Transfer Record.

26 U.S.C. § 5845(a) defines "firearm" as including a "destructive device." The term "destructive device" is defined by 26 U.S.C. § 5845(f) to mean any type of weapon by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, the barrel or barrels of which have a bore of more than one-half inch in diameter or any combination of parts either designed or intended for use in converting any device into a destructive device as defined above and from which a destructive device may be readily assembled.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

**First**: the defendant knowingly possessed a firearm, as that term has been defined in this instruction;

**Second**: the defendant knew of the specific characteristics or features of the firearm, that it was a destructive device as defined above, that caused it to be registrable under the National Firearms Registration and Transfer Record;

**Third**: the firearm was in operating condition; and

**Fourth**: the firearm was not registered to the defendant in the National Firearms Registration and Transfer Record. The government is not required to prove that the defendant knew that the firearm was not registered or had to be registered.

**INSTRUCTION  NO. 11**

**ACTUAL OR CONSTRUCTIVE POSSESSION**

The law recognizes two kinds of possession: actual possession and constructive possession. A person who knowingly has direct physical control over an object or thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, knowingly has the power at a given time to exercise dominion or control over an object, either directly or through another person or persons, is then in constructive possession of it.

## INSTRUCTION  NO. 12

## <u>KNOWINGLY—DEFINED</u>

When the word ''knowingly'' is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident.   Although knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact.

## INSTRUCTION NO. 13

## <u>CAUTION – PUNISHMENT</u>

If you find the defendant guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

## INSTRUCTION NO. 14

## <u>CLOSING</u>

During the trial you have heard the Court make certain rulings, particularly with reference to the admission of evidence. You should not interpret these rulings as expressing or intimating in any way the weight or credit you should give to any evidence or testimony admitted during the trial. You should not consider that I have suggested conclusions that you should reach in this case.

In this Court, it is entirely proper for the judge, if he desires, to comment on the evidence and express an opinion to the jury. I am not going to do that in this case. I feel that this jury is fully capable of deciding the true facts in this case, and applying the law to those true facts. If there is anything that I have said or done that might seem to indicate to you how I would decide this case, I instruct you to disregard that and use your own judgment in arriving at your verdict in this case.

You will reach your conclusions from all the facts and circumstances appearing in evidence and coming to your observation during the trial, and aided by the knowledge which you each possess in common with other persons. You should not let sympathy, sentiment or prejudice enter into your deliberations, but you should discharge your duties as jurors in an impartial, conscientious and faithful manner under your oaths and return such verdict as the evidence warrants when measured by these instructions. These instructions contain all the law, whether statutory or otherwise, which you may apply in this case and the rules by which you should weigh the evidence and determine the facts in issue. You must consider the instructions as a whole and not apply only a part and exclude the rest. You will not use any method of chance in arriving at a verdict but base it on the judgment of each juror concurring in it.

After you have retired to consider your verdict, select one of your number as foreman/forewoman and begin upon your deliberations. If you need to contact the Court for any purpose it is requested that you do so by a written message signed by the foreman/forewoman and transmitted to the Court through the bailiff. Any of the exhibits will be available for your examination.

When you have agreed on a verdict, the foreman/forewoman alone will sign it, and you will as a body return it into open court. A form for your verdicts will be furnished for

your use.

In this connection you are advised that the form of verdict includes a blank space after the word "not guilty" so that if you find the defendant not guilty simply place an "X" in that space.  If you find the defendant guilty, simply place an "X" in the space after the word "guilty" to reflect your finding.

The verdict of the jury in this case must be unanimous, which means that each juror must agree and concur in the verdict.  In this connection, the Court advises each of you that as jurors you have a duty to consult with one another and to deliberate with a view to reaching an agreement if it can be done without violence to individual judgment; each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  In the course of deliberations, a juror should not hesitate to re-examine his or her own views and change that opinion, if convinced it is erroneous, but no juror should surrender his honest conviction as to the weight or effect of the evidence solely because of the opinion of his fellow jurors or for the mere purpose of returning a verdict.

In a few moments, you will go with the bailiff to the jury room to begin your deliberations.  If any of you have cell phones or similar device with you, you are instructed to be sure they are turned off and then to turn them over to the bailiff as you enter the jury deliberation room.  They will be held by the bailiff for you and returned to you after your deliberations are completed and during any lunch break or similar period when you are not deliberating.  The purpose of this requirement is to avoid any interruption or distraction during your deliberations and to avoid any question of outside contact with the jury during your deliberations.

**Dated this 13th day of April, 2010.**

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE